IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID KNOLL and NORTHLAND MANUFACTURING, INC.,<br><br>Defendants. | CV 23-87-M-DWM<br><br><br>ORDER |

This case arises out of a motor vehicle accident. (*See* Doc. 1.) On August 16, 2020, Plaintiff Kenneth Harris was traveling northbound on Highway 93 when he stopped behind another vehicle, which stopped to make a sharp turn off the highway. (*Id.* ¶ 3.1.) Although the driver behind Harris also safely stopped his vehicle, Defendant David Knoll, the owner of Defendant Northland Manufacturing, Inc., failed to stop, hitting the vehicle behind Harris, causing it to hit Harris' vehicle. (*Id.*) On July 25, 2023, Harris sued both Knoll and Northland, alleging negligence and negligence per se.[1] (*See generally id.*) Harris and Knoll

---

[1] Notably, Harris' Complaint alleges "residency" of the parties, not their "citizenship." (*See* Doc. 1 at ¶¶ 1.1, 1.2.) *See Kanter v. Warner-Lambert Co.*, 265

1

dispute the nature and extent of Harris' injuries. Invoking Rule 35 of the Federal Rules of Civil Procedure, Knoll seeks to compel Harris to undergo a neuropsychological examination with Donna C. Wicher, Ph.D. (Doc. 27.) That motion is granted.

Under Federal Rule of Civil Procedure 35(a)(1),[2] "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitable licensed or certified examiner." While Rule 35 is liberally construed in favor of granting discovery, the party requesting the examination must show: (1) the person to be examined placed his mental or physical condition in controversy and (2) good cause exists. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 118–19 (1964). If an examination is compelled under this rule, the order "must specify the time,

---

F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").

[2] In response to the pending motion, Harris relies primarily on Montana decisions interpreting Montana's Rule of Civil Procedure 35. (*See* Doc. 33.) Although a federal court in a diversity action applies the substantive law of the forum in which it sits, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, (1996), discovery generally, and examinations under Rule 35 more specifically, are governed by the Federal Rules, *see Sibbach v. Wilson & Co.*, 312 U.S. 1, 16 (1941). *See also Dayley v. LVGV, LLC*, 2024 WL 810628, at *1–2 (D. Nev. Feb. 27, 2024) (rejecting argument that Nevada procedural rule that allowed third party observers to be present for Rule 35 examination applied as a "substantive" rule).

place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Here, Knoll requests that Harris be compelled to undergo a neuropsychological examination to determine whether Harris' left leg numbness and weakness was caused by the accident. In response, while Harris insists that he has not placed his mental condition in controversy, he appears to identify the same underlying causation problem: "the issue that is genuinely in controversy is whether Plaintiff Harris suffered a dissection of his internal carotid artery in the subject collision, which in turn caused an ischemic stroke and Plaintiff Harris' resultant lower leg symptoms." (Doc. 33 at 7 (internal quotation marks omitted).) "A mental or physical condition is 'in controversy' when the condition is the subject of the litigation." *Snipes v. United States*, 334 F.R.D. 667, 669 (N.D. Cal. 2020). Harris has not claimed infliction of emotional distress or alleged a specific mental injury. However, he alleges that the accident caused a dissection of his internal carotid artery which, in turn, caused him to suffer an "ischemic stroke," causing "left leg neuropathy, weakness and foot drop." (Doc. 23 at ¶ 4.4; Doc. 16 at 11.) He has also proffered an expert opinion as to that issue. (*See* Doc. 29 at 2 (indicating Harris has disclosed Dr. Ross Smith as testifying that Harris suffered a stroke, causing his injuries).) While Harris insists neurologists, neurosurgeons, and neuroradiologists are the "appropriate" experts here, Knoll reasonably disputes

3

Harris' causation and has made an appropriate request to have Harris examined by its own expert based on an independent medical review that concluded:

> Mr. Harris's complaint of left leg numbness and weakness which he attributes to the effects of his motor vehicle accident are due to a psychological presentation. Mr. Harris' neurological presentation is consistent with a psychogenic cause of his left leg numbness and weakness. His neurological findings by emergency room physicians, neurosurgeons, neurologists and physiatrists cannot be explained on the basis . . . of Dr. Smith's acute stroke hypothesis. The clinical findings as documented in the medical records do not support an organic pathology or dysfunction at the level of the spinal cord, lumbosacral nerve root, peripheral nerve, or brain. The clinical findings as documented in the medical records over a period of six months can only be explained on the basis of altered neurological function at the mind/brain level.

(Doc. 28-1 at 37–38.) Thus, good cause exists to order an examination. *See Snipes*, 334 F.R.D. at 671 (explaining that "good cause" is generally met if the information could not be obtained another way and if "plaintiff plans to prove her claim through testimony of expert witnesses").

Accordingly, IT IS ORDERED that Knoll's motion to compel a Rule 35 examination (Doc. 27) is GRANTED. Harris must undergo a Rule 35 neuropsychological examination by Donna C. Wicher, Ph.D. at Knoll's expense. The scope of that examination "will be the same as is typical for a neuropsychological examination." *Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 2023 WL 8083137, at *1 (D. Mont. Nov. 21, 2023) (internal quotation

4

marks omitted). Counsel for the plaintiff may only be present during the medical history portion of the exam. The examination will not be recorded.

IT IS FURTHER ORDERED that within seven (7) days of today's date, the parties shall submit a stipulation outlining the agreed upon time, place, and duration of the examination.

DATED this 30th day of May, 2024.

Donald W. Molloy, District Judge
United States District Court